on these occasions. The evidence taken together is sufficient to sanction inadmissibility of the State laboratory reports where the chemist failed to testify concerning the reliably of their results.

This caveat is especially meaningful in drug cases in which a great percentage of the cases result in laboratory reports showing no controlled substances present and in which the accused are often indigent's defendants unable to afford a private attorney or to make the most minimal bail.

There's only one conclusion to be drawn from the record above and that is that the testimony of Hernandez and Romero concerning the alleged controlled substance was based upon a subjective belief and unsupported speculation, and Thus, having failed to meet all of the criteria above, all of the evidence were inadmissible should not have been admitted into evidence at trial.

It should be noted that an officers testimony is hearsay where their personal knowledge is based upon computerized sources or reports from an unknown third parties. Since there was no evidence before the Grand Jury or at Trial that the reports was made by one under the duty to report. People v. Alexander, 136 AD2d 332, Ouaglio v. Tomasslli, 99 AD2d 487, 488.

Therefore, the sole reason for questioning Hernandez and Romero in place of the chemist was to replace the testimony of the chemist with that of both officers, and to allow Hernandez and Romero to bolster their own testimony in identifying the contents taken from the safe as that being cocaine, thereby explaining that their version of event is more believable in place of the chemist. The police officer testimony was the equivalent to an opinion that Mr. Green was guilty of the possession of a controlled substance and the receipt of such testimony should not be condoned. (418 N.Y.S.2d 371).

The law does not permit a person to avoid taking the witness stand and to avoid being

cross-examed by allowing his story to be presented through the hearsay testimony of another witness. People v. Dvorzank, 127 AD2d 785, 512 N.Y.S.2d 180.

It is well settled of cause, that issues of credibility are primarily for the trial court and its determination is entitled to great weight (People v. Atlas, 183 App. Div. 595, 600). However, reversal is warranted where the fact findings of the trial court are manifestly erroneous or so plainly unjustified by the evidence that the interest of justice necessitate their nullification (Book, 5A, CJS, Appeal and Error. §1656(3)). The Court should refuse to credit testimony which has all of the appearances of having been patently tailored to nullify Constitutional objections.

For all the reasons set forth above, this petitioner holds that generalized, unquantified and unspecified allegations of police training and experience regarding narcotics are insufficient allegations of expertise to be used in place of a live police chemist under People v. Dumars, 68 N.Y.2d 729, 931, 506 N.Y.S.2d 319 (1986), and without more, should have rendered the drug possession charge facially deficient and where the people had control of the witness and their availability was not questioned, the trial court should have assumed that the laboratory technician's J. Boshara or Aviva Lieberman, testimony would have been unfavorable to the people. People v. Moore, 17 AD2d 57, 59; Laffin v. Ryan, 4 AD2d 21, 25-26.

Therefore, based upon the foregoing, Mr. Green's conviction should be reversed and the sentence vacated and the Indictment dismissed

### MR. GREEN WAS DEPRIVED OF MEANINGLESS REPRESENTATION BY HIS TRIAL COUNSEL, WHEN COUNSEL FAILED TO PREPARE A PROPER DEFENSE OR CALL WITNESSES.

It is elementary that the right to effective assistance of representation includes the right to assistance by an attorney who has taken the time to review and prepare both the law and facts

relevant to the defense and who is familiar with and able to employ at trial both the basic principles of criminal law and procedures. The Supreme Court of the United States have long recognized that the right to counsel would be meaningless if it did not require effective assistance and substantial aid, Powell v. Alabama, 287 U.S. 45.

Professionalism demands that counsel must thoroughly review the facts and laws of the case relevant to his clients' defense and exhibit his practice expertly because proper representation involves more than courtroom conduct. It is axiomatic that counsel must investigate all apparently substantial defenses available to his client and must assert them in a proper and timely manner. This was not the case in this instance matter, no matter what the apparent degree of his client's depravity or the likelihood of his guilt, the right to the Constitutional shelter of Effective Assistance of Counsel and a fair trial are to forever remain in violate. Wilson v. Phend, 417 F.2d 1197; Barnes v. Jones, 665 F.2d 427, 432 (2d. Cir. 1981); Strickland v. Washington, 466 U.S. @682, 104 S.Ct. @2061.

The Due Process Clause of the Fourteenth Amendment mandates that the State prove the existence of each and every element of the offense charged beyond a reasonable doubt. This was not done since defense counsel failed to investigate and call (all) possible witnesses, present document or to prepare a defense.

Mr. Mr. Green is entitled to the protection of the Due Process Clause of the Fourteenth Amendment throughout his entire criminal proceedings. Each case presents its own facts and rest on its own issues. Factors such as inadequate preparations, incomplete investigations, refusal to call witnesses, the failure to interpose a proper defense will necessary be viewed in light of the effects these shortcomings have on the fairness of a his client's trial (McQueen v. Swenson, 498 F.2d 207; People v. Droz, 39 N.Y.2d 457).

The Constitutional Right to Counsel is based upon the promise that counsel will effectively assist his client accordingly, due to the failure of defense counsel "Mr. Arnold Keith" ("Mr. Keith") as guaranteed by the Sixth and Fourteenth Amendment of the United States Constitution. Mr. Green was denied the right to Effective Assistance of Counsel at all stages of the criminal proceedings. The Constitution of the State of New York, Article 1, Section 6, the Bill of Rights, Section 12, Article 2, (Powell v. Alabama, 287 U.S. 45, People v. Droz, 39 N.Y.2d 457; Strickland v. Washington, 466 U.S. @686, 104 S.Ct. @2063. The failure of counsel to confer adequate assistance constitutes a denial of a defendant's rights to due process and requires a reversal of his conviction.

In Strickland, the court held that a defendant is required to show (1) A deficient performance by counsel, and (2) prejudice to the defense, Id. @687, 104 S.Ct. 2064. In United States v. Cronic, 466 U.S.648, 104 S.Ct. 2039 (1984), decided on the same day as Strickland, the Supreme Court created an exception to the Strickland standard for Ineffective Assistance of Counsel and acknowledged that certain circumstances are so egregiously prejudicial that Ineffective Assistance of Counsel will be presumed (Stano v. Dugger, 921 F.2d 1125, 1152 (11th Cir. 1991) (en banc) (citing Cronic, 104 S.Ct.@2064). Cronic presumes where there has been an actual breakdown in the adversarial process at pre-trial proceedings or at trial, see, Toomey v. Brnnell, 898 F.2d @744 (9th Cir.), cert denied, 111 S.Ct. 390.

In Cronic, the Supreme Court stated: [T]he adversarial process is protected by the Sixth Amendment, Requires that the accused have "Counsel Acting in the Role of an Advocate", Andre's v. California, 386 U.S. 738, 743, 87 S.Ct. 1396, 1399 (1967). The right to Effective assistance of Counsel is thus the right of the accused to require that the prosecution's case survive the crucible of meaningful adversarial testing when a true adversarial criminal trial has

10

been conducted, even if defense counsel may have made demonstrable errors, the kind of testing envisioned by the Sixth Amendment has occurred if the process loses its character as a confrontation guarantee is violated. The court held that "a defendant need not affirmatively prove prejudice under the second prong of the Strickland test in order to establish a Sixth Amendment violation based on the lack of defense counsel's assistance at a critical stage of a criminal proceeding", Cronic, Id. @2067 (Actual or Constructive denial of Assistance of Counsel altogether is legally presumed to result in prejudice").

Mr. Green respectfully request that this Court take notice that under New York State Law, it is important to recognized that New York State has not specifically adopted the "Strickland" test for determining Ineffective Assistance of Counsel claims (People v. Sowizdral, Jr., 275 A.D.2d 473)(3rd Dept. 2000). New York State actually continues to apply a more flexible standard to analyze claims based upon a deprivation of the right to effective assistance of counsel under the New York Constitution. Id.  This standard is whether a defendant received "meaningful" representation, under the totality of the evidence, the law, and the circumstances (People v. Echavarria, 167 A.D.2d 138)(1st Dept. 1990).

Turning to the facts of this case, one cannot help but see that defense counsel's performance miserably failed the standards set by Strickland.

The circumstances presented in this matter, demonstrates that constructive absence of an attorney dedicated to the protection of his client's rights under our adversarial system of justice. Instead of serving as his client's advocate during the course of pre-trial proceeding's and trial, defense counsel Mr. Keith abandoned his client at a critical stage of the proceedings and affirmatively aided the prosecution in its efforts to prosecute Mr. Green. Mr. Green's defense counsel Mr. Keith abandoned his duty of loyalty to his client when he failed to prepare a proper

11

defense in support of his client without proper preparations. An effective attorney must play the role of an active advocate rather than mere friend of the court, Osborn v. Shillinger, 861 F.2d @624, quoting, Evitts v. Lucey, 469 U.S. 378, 394, 105 S.Ct. @835.

Mr. Edward Green was denied the Effective Assistance of Counsel by Mr. Arnold Keith, Attorney at Law. With regards to the top count of the indictment, charging Criminal Possession of a Controlled Substance, in the 1st Degree. Mr. Keith pursued no defense at trial with respect to that charge, counsel did not challenge the strength of the prosecution's case on that count or count two of the Indictment, Criminal Possession in the Third Degree, through cross-examination, and Mr. Keith effectively acknowledged that the paraphernalia of drug sales was found in the possession of Mr. Green even through there was no testimony regarding this point, this was not a matter of an alternative, but an unsuccessful trial strategy. By contending that Mr. Keith provided no defense to the top two counts, Mr. Green, did not concede that Mr. Keith provided meaningful representation on the other charges, People v. Hobot, 84 N.Y.2d 1021, 1022, reported from People v. Dinkle, 302 A.D.2d 1014. Defense counsel was ineffective throughout the course of pre-trial proceedings as well as the entire trial.

The Court should take notice that where the allegations in an indictment is limited to a particular theory of the prosecution, Mr. Green is entitled to rely on that theory and the people are bound to prove it, (People v. Smith, 161 A.D.2d 1160; cf. People v. Roberts, 72 N.Y.2d 489, 498; People v. Powell, 153 A.S.2d 54; People v. Termitto, 155 A.D.2d 965). Where the people failed to proved a specific intent, as is required in count two of the indictment, Criminal Possession of a Controlled Substance with the "**INTENT**" to sell which was never proven beyond a reasonable doubt, then it follows that the intent to commit a specific crime, being an element of the offense was against the weight of the evidence. A Due Process problem might

12

exist if the specific crime is not particularized.

Therefore, to hold that a specific not a general intent is required, but allow the specific intent to be proved by inferring it from the same evidence, that would prove a general intent is simply to indulge in circular reasoning and has violated Mr. Green's Constitutional Rights to Due Process of Law.

Defense Counsel "Mr. Keith" demonstrated a total ignorance of applicable law (United States v. Goodwin, 531 F.2d 347) and the failure to conduct any legal research (Cosey v. Wolff, 562 F.Supp. 140, aff'd 727 F.3d 656, in that he failed to recognized that under New York State law, that control over an area will not in and of itself, give raise to a conclusive presumption that a defendant also knew that contraband was present (People v. Reisman, 29 N.Y.2d 278, 285 (1971) or that merely having access to contraband or the area where contraband is found without knowledge of the contraband's existence is insufficient in and of itself to establish constructive possession (People v. Pearson, 75 N.Y.2d 1001 (1990)).

Mr. Keith also demonstrated total ignorance of applicable law (Id. United States v. Goodwin, and the failure to conduct any legal research (Id.Cosey v. Wolff, in that he failed to recognized that under New York State law, that before evidence implicating another suspect can be admitted "there must be such proof of a connection with the crime, such as a train of facts or circumstances as tending to clearly point out someone else besides the accused as the guilty party". Evidence of motive, ability, and the opportunity for a third person or persons to commit the crime is a sufficient foundation for the introduction of other suspect evidence. Such evidence must be "coupled" with other evidence tending to connect such other person with the actual commission of the crime charged. (United States v. Armstrong, 621 F2d. 951, 953; see also, United States v. Perkins, 937 F.2d 1397, 1400 (A defendant is entitled to introduce evidence

13

which tends to prove someone else committed the crime); United States v. Brannon, 616 F2d 413, 418 (A defendant is entitled to prove his innocence by showing that someone else committed the crime).

Because of defense counsel's unpreparedness, Mr. Keith, failed to put before the jury evidence that someone else had committed the crime charged. Because of counsel's failure to capitalize on Mr. Green's co-defendant, Mr. Steven Brown's ("Mr. Brown) sentencing allocution wherein Mr. Brown admitted that he was the person who sold and possessed the controlled substance, as well as was the person to whom the police had identified as the person who had committed the crimes that Mr. Green was thereinafter charged with. Mr. Brown also stated at his sentencing allocution that he was the only one selling and possessing drugs at that location, and that he had no knowledge that Mr. Green had ever sold or possessed a controlled substance at that location or any place else, which demonstrated that someone other than the Mr. Green had committed the crime(s) charged. Mr. Keith also failed to demonstrate to the jury that someone else had the opportunity, ability, and motive to commit the crime in-spite of the surmounting evidence which states otherwise, and clearly demonstrates that another person had the present ability, opportunity and/or motive to commit the crime(s) that Mr. Green was charged with. Most importantly, the excluded evidence showed that the evidence would have supported an alternative theory of how the crime might have been committed

This argument was crucial to the defense because the sale and possession occurred in Brown's apartment, and because Mr. Green and Mr. Brown were the only other persons known to be at the scene of the crime. The jurors would naturally ask themselves that, "If the defendants were in the building, then they probability committed the crime charged.

The introduction of Mr. Brown as the true person that committed the crime and was the

14

person who was in possession of the alleged controlled substance that Mr. Green was charged with, would have answered that question, rebutting the inference that Mr. Green must have possessed the drugs, because no one else was in a position to do so. In addition, Mr. Green's attorney failed to argue to the jury that the prosecution's evidence didn't prove that Mr. Green had been in possession of an alleged controlled substance, this is also significant because there was so little direct evidence of what actually happened, and this was far from an admission of guilt.

Because Mr. Green's counsel, Mr. Keith was unfamiliar with the case and/or case law, he was barred from introducing the evidence that someone else was in possession of the drugs, nor could he fully argue the police sloppy investigation theory. Because of counsel's being unfamiliar with the case and case law, Mr. Keith could not point out what the police hadn't done, nor could he suggest any exculpatory evidence that the police might have found had they conducted a more thorough investigation. The excluded evidence would have lent support to Mr. Green's theory that someone else had possession of the drugs and under mined the prosecutor's claim that a more thorough investigation would have turned up nothing of value. Rather than being limited to trying to poke holes in the prosecutions case, counsel could have plausibly argued that a more thorough investigation would have produced evidence incriminating only Mr. Brown as having possession of the drugs of which he sold to an undercover officer.

Finally, in light that the prosecution had no other eyewitnesses or evidence and the rest of their case consisted of weak circumstantial proof, the people failed to present legally sufficient evidence to convict Mr. Green of the charge of Criminal Possession of a Controlled Substance, in the First and Third Degree, in violation of Penal Law §§220.21(1); 220.16(1).

Therefore, Mr. Green should not have been found guilty of the crime of Criminal

15

Possession of a Controlled Substance in the First and Third Degree, in violation of Penal Law §§220.21(1); 220.16(1).

## DEFENSE COUNSEL FAILURE TO PREPARE A DEFENSE CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL

The failure of Mr. Green's defense Counsel to prepare a defense constituted Ineffective Assistance of Counsel. First, Mr. Arnold Keith decided not to prepare a proper defense for Mr. Green solely because he was confident that at the close of the prosecution's presentation of its evidence, the trial judge would have granted the defense motion to dismiss or the jury would have found Mr. Green not guilty. Counsel opted not to prepare a defense based entirely on this rational militates strongly in favor of the conclusion that his representation of Mr. Green was constitutionally deficient. See, Harris v. Reed, 894 F2d 871, 878-879.

[S]trategic choices made after thorough investigation of law and fact relevant to plausible options are virtually unchallengeable, and strategic choices make after less than a complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitation on investigations. Defense counsel had a duty to make a reasonable investigation or to make a reasonable decision that makes particular investigations unnecessary. Where ineffective assistance counsel is all alleged, a particular investigation must be directly assessed for reasonableness in all circumstances. As to a "conscious" decision, see Bean v. Calderon, 163 F3d 1073, 1079 (noting that a decision cannot be characterized as "strategic" where it was a resulted only from confusion); United States v. Gray, 878 F.2d 702, 712 ("counsel's behavior was not colorably based on tactical considerations but merely upon a lack of diligence").

As to "reasonably informed" decisions: see, Williams v. Taylor, 529 U.S. 362, 120 S.Ct.

1495 (2000) (noting that a decision based on a legal misunderstanding was not animated by "strategic" calculation); Kimmelman, 477 U.S. at 368, 106 S.Ct. 2574 (noting that a decision based on ignorance of relevant facts and mistaken beliefs was not based on "strategic considerations); Smith v. Stewart, 189 F.3d 1004, 1010 (holding that an attorney's decision not to pursue certain evidence was not "strategic" where, it was based on a lack of understanding of what constituted such evidence) and Williams, 59 F.3d at 680 (because of his ignorance, counsel was unable to make any strategic decision"); and compare Crisp v. Duckworth, 743 F.2d 580, 587("contrasting an attorney's general polic[y]" of how to defend a case with "strategic decisions," which are "decisions based on the specific facts of a given case"). The Supreme Court has explained that "[s]trategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690-691, 104 S.Ct. 2052. But "virtually unchallengeable" does not mean wholly unchallengeable, see, Phoenix v. Matesanz, 233 F.3d 77, 82, n.2 (1st Cir. 2000), and decisions that are not reasonably informed have emphatically not been "made after a thorough investigation of law and facts."

Mr. Green's trial counsel failure to call any witnesses and to rely entirely on the people's evidence in exonerating the defendants was thus "strategic" in the sense that it related to a question of trial strategy which witnesses to call and it was trial "strategy" also in that it was made by counsel to advance a particular goal. That goal, was mainly avoiding not-work, as it should have been, serving Mr. Green's interests by providing him with reasonably effective representation.

Mr. Keith's decision was "strategic" in some senses of the word, it was not the sort of conscious, reasonably informed decision made by an attorney with an eye to benefiting his client that the Federal Courts have denominated "strategic" and especially reluctant to disturb.

17

Accordingly, the hesitation to disturb "strategic" decisions described above has no bearing on this case. There are many ways to properly assist a client, but making important decisions with no regard for a client's interests is not one of them.

Mr. Keith's representation of Mr. Green was unprofessional to the point of being constitutionally "deficient" and "flawed". The cumulative weight of these flaws deprived Mr. Green of his constitutionally protected Sixth Amendment Right to Effective Assistance of Counsel.

## CONCLUSIONS

WHEREFORE, based upon these and a multitude of other failures, Mr. Green was deprived of meaningful representation by his attorney, Mr. Arnold Keith. Accordingly, the Mr. Green's conviction should be reversed.

Dated: March 2010

                              Respectfully Submitted

                              Edward Green, Pro-se

# VERIFICATION

I, Edward Green, being duly sworn according to the law of the State of New York, deposes and says that I am the plaintiff in the within action and that the facts set forth in the foregoing answer are true and correct to the best of my knowledge, information and belief, except as to matters therein to be alleged upon information and belief and as to those matters I believe it to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are based upon my review of defendant's petitions in the within matter.

Dated:
April 2010

Respectfully Submitted

*Edward Green*
Edward Green, Pro-se 08A5510
Clinton Correctional Facility, Annex
Dannemora, New York 12929

Sworn to before me this
day of April 2010

# AFFIDAVIT OF SERVICE

I Edward Green, being duly sworn, depose and says:

I Edward Green` make and serve A true copy of the following papers: Petitioner's Affidavit in Support of Motion for Petitioner's Pro se Supplemental Brief to the Appellate Division-First Department, by mailing the same in a sealed envelope on the __ day of March Two Thousand Ten, with postage prepaid thereon in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee as indicated below:

cc: **Office of the District Attorney**
Appeals Unit
One Hogan Place
New York, New York 10013

**STEVEN BANKS**  NATALIE REA
Attorney for Defendant-Appellant   of Counsel
THE LEGAL AID SOCIETY
Criminal Appeals Bureau
199 Water Street – 5th Floor
New York, New York 10038

Dated:
April 2010

Respectfully Submitted
*Edward Green*
Edward Green 08A5510
Clinton Correctional facility Annex
P.O. Box 2002

## PRINTING SPECIFICATIONS STATEMENT

The word count for this brief is 5,127 excluding the table of Contents, the Table of Authorities, and the Rule 5531. The word processing system used to prepare the brief and calculate the word count was Microsoft Word 2003. The brief is printed in Times New Roman, a verified, proportionally spaced typeface. The type size is 12 points in the text and headings, and 12 points in the footnotes. The line spacing is two.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: CRIMINAL TERM PART 93
THE PEOPLE OF THE STATE OF NEW YORK

                        Respondent         **NOTICE OF MOTION TO SET ASIDE VERDICT PURSUANT TO SECTION 330.30 OF THE CRIMINAL PROCEDURE LAW**

      - Against -

                        **Indictment No. 5643/07**

EDWARD GREEN
              Defendant

TO THE SUPREME COURT
OF THE COUNTY OF NEW YORK

**PLEASE TAKE NOTICE,** that upon the annexed affidavit of Edward Green, the defendant herein, sworn to this ___ day of ~~September~~ October 2008, and upon all the proceedings theretofore had herein, the undersigned will move this Court at a term thereof to be held on the 8 day of October 2008, at the Courthouse located at 100 Centre Street, New York, New York 10013, pursuant to section(s) 330.30(1); 330.40(2)(a) and 330.50(1) of the Criminal Procedure Law, for an order setting aside the verdict of guilty against the defendant stated herein, for the crimes of Criminal Possession of a Controlled Substance, in the First and Third Degree, in violation of Penal Law, §§220.21(1), 220.16(1), rendered by a jury and before the Honorable McLaughlin, J., on the 15 day of September 2008, upon the grounds that:

        1) Ineffective Assistance of Counsel.
        2) Police laboratory Controlled Substance Analysis Report were defective on the grounds that it doesn't conform to the requirements of C.P.L. §190.30(2-a)(a)(b)(c).
        3) Counsel failed to obtain any and all documents, i.e. reviews, reports, evaluations and other materials that are maintained by the Crime Laboratory.

Such grounds, if raised on appeal would require a reversal of conviction as a matter of

law, and for such other and further relief as may be just and proper.

Dated: ~~September~~ October 2008

                              Respectfully Submitted

                              Edward Green, Pro-se
                              Manhattan House of Detention
                              125 White Street
                              New York, New York 10013
                              349-07-20174

**TO:**   CLERK OF THE SUPREME COURT
        100 Centre Street
        New York, New York 10013

        Hon. Robert M. Morgenthau, Esq.,
        District Attorney, County of New York
        One Hogan Place
        New York, New York 10013

Arnold P. Keith Jr. Esq.
350 Broadway, Suite 1201
New York, New York 10013
Defense Counsel

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: CRIMINAL TERM PART 93 *Affidavit in Support of*
THE PEOPLE OF THE STATE OF NEW YORK
                                     Respondent      **NOTICE OF MOTION TO SET**
                                                                    **ASIDE VERDICT PURSUANT**
       - Against -                              **TO SECTION 330.30(1) OF THE**
                                                                      **CRIMINAL PROCEDURE LAW**

                                                                        **Indictment No. 5643/07**

EDWARD GREEN
               Defendant

TO THE SUPREME COURT       )
OF THE COUNTY OF NEW YORK  )

      I, Edward Green, being duly sworn, deposes and says:

1.    I am the defendant in the above-entitled matter and I make this affidavit in support of a motion to set aside Verdict and Order a new trial pursuant to section(s) 330.30(1), 330.40(2)(a), 330.50(1) of the Criminal Procedure Law ("C.P.L.").

2.    Hereto, although I am familiar with all of the statements and facts herein submitted, I am a layperson in the matters of the law and I seek this Court's indulgence for errors, omissions, defects and any irregularity pursuant to section 2001 and 2101(F) of the Civil Practice Law and Rules of the State of New York.

3.    I was indicted by the grand jury in the County of New York, on the 12 day of ~~September~~ *November* 2007, and charged with the offences of Criminal Possession of a Controlled Substance in the First and Third Degree in violation of Penal Law §§220.21(1), 220.16(1), respectfully under indictment No.5643/07

4.    The case was tried before the Honorable McLaughlin, J.S., of the State Supreme Court, on the 12 day of September 2008. the outcome of the case was the finding of the defendant guilty of Criminal Possession of a Controlled Substance in the First and third degree, in violation of Penal Law, §§220.21(1), 220.16(1), respectfully.

5.     The defendant moves in this instant motion for an order setting aside the verdict of guilty on the aforestated charges and ordering a new trial upon the following grounds:

>   a)   Ineffective Assistance of Counsel.
>   b)   Police laboratory Controlled Substance Analysis Report were defective on the grounds that it doesn't conform to the requirements of C.P.L. §190.30(2-a)(a)(b)(c).
>   c)   Counsel failed to obtained any and all documents, i.e. reviews, reports, evaluations and other materials that's maintained by the Crime Laboratory

6.     There is a reasonable cause to believe that the evidence that was before the Grand Jury was insufficient to support the charges in the Indictment under the provisions of C.P.L. §§220.39(1), 220.41(1) in that the proceedings were defective and failed to conform to the requirements of C.P.L. §§190.30(2-a), 190.65(1)(3), 70.10(1), 210.20, see also, People v. Deegan, 516 NYS2d 651, 652.

7.     It is the defendant's belief that a review of the Grand Jury minutes will conclusively show that the essential elements of the alleged crime was not proven to a "moral certainty" as applied to a case involving wholly circumstantial evidence, this standard limits the reviewing Court's inquiry to determining whether the facts and the inferences that logically flow from the facts that supply proof of every element of the offense charged. [see, C.P.L. §§210.20(1)(b), 190.50(1)(b)].

8.     It is the defendant argument that proof of intent, where the requisite knowledge was completely lacking in the evidence presented to the Grand Jury and that the said evidence was insufficient to establish even a "prima facie" case against the defendant. (see, C.P.L. §§210.20(1)(B), 190.65(1)(B)).

9.     In the case at bar, the defendant argues that the laboratory report(s) and or field test report does not contain the Electronic Transmittal Memorandum and the Grand Jury foreman stamp

conforming to the requirements of C.P.L. §190.30(2-a)[1], nevertheless, it was still entered as evidence by the prosecution under indictment No.5643/07, for a defendant to be further prosecuted at trial in violation of the defendant's Constitutional rights to Due Process and Equal Protection (see, People v. River, 612 NYS2d 782; Doughert v. Milliken, 163 NY 527, 533. Since the failure to file the certified report or a certified copy of the report herein entered can not be considered as a harmless error, since it was a plain error of such a degree that the integrity of the Grand Jury was impaired and Prejudiced resulted in a guilty verdict.

10. There was insufficient evidence to establish that the defendant had sold a controlled substance or possessed a controlled substance. Furthermore, the evidence was not sufficient, credible or worthy to warrant a prosecution in this case, see, People v. Tomaino, 670 NYS2d 938, 953-954, the defendant does not believe that a true bill was entered by the Grand Jury's foreman [see, People v. Martin, 419 NYS2d 724, People v. Neidhart, 71 NYS2d 591]

11. To determine whether the prosecution gave legal instructions to the Grand Jury on the Public Health Laws Article 33, section(s) 3306, 3371, 3374, which establishes the schedules of groups of controlled substances (see, C.P.L. §715.50(1)(2)(3).

12. To determine whether the prosecution refused to answer or improperly answered questions or inquiries' made by members of the Grand Jury, constituting prejudicial error and rendering the indictment mull and void (see, People v. Montalvo, 449 NYS2d 377).

13. To determine whether the prosecution gave legal instruction as to the weight of the Controlled Substances-to wit-aggregated and/or pure weight in that the defendant knowingly and unlawfully sold and/or possessed a narcotic drug.

---

[1] **Exhibit A is being submitted for the limited purposes of demonstrating to the Court just what a proper laboratory report with all of the above requirements of C.P.L. §190.30(2-a) in place**

3