wherein trial Counsel "Mr. Arnold Keith" admitted ignorant of the applicable Criminal Procedure Law, as well as admitted to providing Mr. Green with Ineffective Assistance of Counsel during the course of Mr. Green's sentencing allusion and thus could not have given Mr. Green effective advice and where counsel was not prepared for trial and was generally unfamiliar with procedures in a Criminal trial, in clear violation of Mr. Green's Constitutional Rights to the Right to Effective representation which includes the right to assistance by an attorney who is familiar with, and able to employ at trial the basic principles of Criminal Law and Procedures.

As the Court stated in Ander's, nominal representation on appeal is like no representation and is constitutionally inadequate (Ander's v. California, 386 US 738).

Also, because Appellate Counsel, Ms. Natalie Rea ("Rea") had never informed her client that her services had therefore ended and that she was no longer obligated to represent him in any matter, as well as she failed to inform Mr. Green just what the next process step in the process would be for continuing his appeal, if he so chooses to do so.

Mr. Green no longer had legal representation as of October 3, 2010, where Appellate Counsel made grossly substandard, rambling and incoherent legal arguments before the Appellate Division-First Department on behalf of her client and only on the issues that she filed on appeal and totally disregarded arguments raised in her client's pro se supplemental brief. It should be noted that the legal arguments that Appellate Counsel argued on October 3, 2010, was grossly substandard, Rambling and incoherent and she failed to produce the statutory required mitigating evidence in support of her arguments, (Kubat v. Thieret, 807 F.2d. 351, 368).

The failure to introduce evidence supporting defendants contentions that the crime could not have occurred under the circumstances alleged rendered Appellate Counsel Ineffective (United States Ex Rel Williams v. Brown, 721 F2d. 115, 1119, 1121 [7th Cir. 1983]).

3

It is well settled that the unexplained failure of Appellate Counsel to rise issues which, if raised would have rendered a reversal or modification likely, (People v. Rodriguez, 185 A.D.2d 198; People v. Decker, 134 A.D.2d 726; People v. Lefrois, 151 A.D.2d 1046); the failure to present significant and obvious issues on appeal (Mayo v. Henderson, 13 F3d. 528, 532 [2d. Cir. 1994]) choosing to argue particularly weak appellate issues that had little chance of success @536. Constitutes a sufficient ground upon which to predicate a finding of Ineffective Assistance of Appellate Counsel.

Appellate Counsel Ms. Natalie Rea should have known that an attorney cannot assist in creating evidence that will be used at trial to convict his or her client without creating a Conflict of Interest between the client and the attorney, thereby rending Ineffective Assistance of Representation to his client.

## QUESTIONS PRESENTED

**Did the Supreme Court of the County of New York Error in Denying the Merits of Petitioner's Motion to Vacate Judgment based upon the claim of Ineffective Assistance of Counsel and Restoring Case back to the Trial Calendar, acknowledged on its face that it was in Direct Conflict with Decisions of the Appellate Division, First, Second, Third, and Fourth Department, the New York State Court of Appeals, the Second Circuit Court of Appeals and other Federal Decisions in New York.**
**ANSWER: YES**

The question presented here is whether a defendant's lawyer has the authority to consent to stipulate that a unknown substance was in fact cocaine without unquestionable documental proof to support a stipulation knowing that his client was never in possession of any controlled substances [see police laboratory analysis report No. N932912 (PGS. 1 & 2); N932910], at the time the stipulation was enter in to between appointed counsel, Mr. Arnold Keith and the

prosecutor on behalf of his client, Mr. Green without the knowledge or express consent of the appellant or the court, and not in the present of the appellant or the court and without appellant or the court being consulted, so waived appellant's right to challenge the authenticity of the evidence.

Appellate Counsel, Rea should have known and understood that when Appointed Counsel "Mr. Arnold Keith" was appointed to represent the defendant and to service as an advocate for the defendant, an appointed counsel cannot assist either in the course of pre-trial proceedings or even in a less argumentative trial context assist the Prosecutor in creating evidence that will be used at trial to convict his client without creating a Conflict of Interest between the client and the attorney, thereby rending Ineffective Assistance of Representation to his client.

**PROCEDURAL DEFAULT**

Hereto, although, I am a layperson in the matters of law and I am familiar with all the statements and facts herein submitted. This is the first such affidavit filed Pro-se in this Court and it is in this substantially uncharted area permitting the usage of intellectual judicial discretion that I now find myself, and I respectfully seek this Court indulgence for errors, omissions, defects and irregularities pursuant to the Civil Practice Law and Rules §§2001 and 2101(F).

Petitioner chooses to bring this application via motion rather than by plenary action as it is the most expedient method for Ineffective Assistance of Appellate Counsel.

A complaint of Ineffective Assistance of Appellate Counsel should be made in the Appellate Division through a motion for Rearguement, Reconsideration or by way of Writ of Error Coram Nobis.

A Writ of Error Coram Nobis is brought by motion rather than appeal and should be brought in the Appellate Division. (People v. Bacbent, 69 N.Y.2d 593). The right to Effective

5

Assistance of Counsel on Appeal is well settled under both State and Federal Constitutions. (Evitts v. Lucey, 469 US 387).

In a case of procedural default, this court may reach the merits of petitioner's petition where the petitioner had filed a Pro se Post Conviction, Criminal Procedural Law ("CPL") §330 motion (see, Ex. "B") where as the lower courts reliance on CPL, §440.10 (2) (a); (2) (c); (3) (c), which states that if there is sufficient facts on the record to have permitted the claims to be raised on appeal or an earlier CPL §440 motion, yet petitioner failed to raise them. Therefore, petitioner's motion is denied in accordance with the above referenced statutes. Any reliance upon the above statutes is unavailing.

Petitioner offers [two] explanations in an attempt to demonstrate cause.

First, the Appellate Division-First Department (see Appellate Decision hereto attached as Exhibit "A") never ruled that appellant's claims were "unpreserved for appellate review as a matter of law". Because of the failure to object at trial and the trial court had never declined to reach its merits. (People v. Rodriguez, 250 A.D.2d 478, 479 [1st Dept. 1989].

This court must reject any claim by the people denying appellant's motion on State procedural grounds, holding that it had been procedurally defaulted. This ground is not an independent and adequate State procedural ground which would preclude relief in this Court, in light of the fact that appellant's moving papers showing of Cause and Prejudice or a Fundamental Miscarriage of Justice. (Coleman v. Thompson, 501 US 722, 750 [1991]; Harris v. Reed, 489 US 255, 262 [1989].

The Court should note that while appellant moving papers are supported by facts or factual allegations sufficient to support the grounds alleged. The prosecutors failure to file affirmation in opposition or by failing to provide the court with transcripts indicating a resolution of this matter raised on petitioner's post conviction motion, thus if this court refusal to hear this motion, this error in denying appellant's motion for a new trial as procedurally barred could not be considered a harmless error.

Second, if the rights of self representation were not to be honored on this record it is unlikely that either ever would. An examination of this record fails to suggest that any further action or submission by the defendant that he might have taken or made in support of his right or intentions to exercise his Constitutional privileges. The inference may be drawn that unquestionably in the furtherance of what it perceived to be the defendant's best interests was

6

determined to deny the defendants application no matter what he wrote, said or what the record otherwise showed.

In doing so, the Court arrogated to itself and denied to this petitioner the exercise of rights constitutionally guaranteed to him.

Therefore, this petitioner is a layperson in the matters of law. This Court should militate against any claims of this petitioner not exercising due diligence where petitioner's trial and Appellant Advocates did not properly perform their duties to effectively address petitioner's issues. It cannot be said that petitioner has not exercised due diligence. Petitioner as a layperson was not of the ability to detect these errors on his own and where Trial and Appellate Counsel had filed to do so, the petitioner was actually without the knowledge of these errors until brought to petitioner's attention by another.

As the Court is well aware, the issues of Ineffective Assistance of Counsel are one of the primary points by which this petitioner has proceeded in all motion practice.

State and Federal Courts have long held that a claim that is so novel that its legal basis is not reasonably available to a layperson may constitute cause for a procedural default. (Reed v. Ross, 468 US 1, 16; 104 S.Ct. 2901, 2910).

Under New York State law, this Court should conclude that under the circumstances of this case a hearing is required to determine the validity of petitioner's allegations surrounding petitioner's claim of Ineffective Assistance of Counsel.

## STATEMENT OF FACTS

A person cannot be convicted of a crime based upon evidence that was never produced at the Grand Jury or at Trial.

Prior to trial, the defendant's counsel stipulated that the alleged unknown substances found during a search on November 1, 2007 at 451 Lenox Avenue, New York City, and taken from a lock safe, in a lock closet, in a fourth floor apartment, was in fact cocaine[1], absent unquestionable documental proof to support that claim, even thro there was no unquestionable

---

[1] See, Trial Transcript, Pg. 36 Voir Dire – Court Proceedings [marked as exhibit "F"]

7

evidence introduced at the Grand Jury or at Trial that demonstrated that the unknown substances was in fact cocaine or the fact that there was no proof that this petitioner was in possession of any controlled substances[2] as well as the people failed to present legally sufficient evidence to convict Green of the charge of Criminal Possession of a Controlled Substance, in the First and Third Degree, in violation of Penal Law §§220.21(1), 220.16(1).

Neither Defense nor Appellate Counsel(s) by their failure to review the record or their failure to conduct any legal research (People v. Sullivan, 209 A.D.2d 558-559[1994]) and Counsel's inadequate preparation for an Appellate hearing, including counsel's failure to sufficiently counsel with her client prior to the filing of her Appellate brief or before the Appellate hearing, constituted Ineffective Assistance of Appellate Counsel (United States v. Tucker, 716 F.2d. 576, 579-586' 595 [1983]) and her failure to argue the point that in order to be convicted as an accomplice, a defendant must act with the mental culpability required for the commission of the offense of Criminal Sale and Possession of a Controlled Substance and must acted with the culpability to have requested, solicited, commanded, importune or intentionally aided the principal actor Steven Brown ("Brown") to engage in the commission of the offense. see, Penal Law ("PL") §20.00. Furthermore, there was no evidence that Green and the person ("Brown") who possessed and sold the drugs had any interaction either before or after the actual sale by Brown. Clearly, the record shows that Green was engaged in no criminal conduct of any description when arrested. Significantly, no contraband or buy money was recovered from Green after his arrest which supports the conclusion that Green in no way assisted, requested, solicited, commanded, importuned or intentionally aided Brown to engage in the commission of

---

[2] See People's Voluntary Disclosure Form, hereto attached as exhibit "C". See section: Police Laboratory Controlled Substance Analysis Report, voucher number(s), N932912 [Pg. 1 & 2], dated 11/07/07 and N932910, dated 11/03/07, respectfully.

8

possession or the sale of a controlled substance.

Further, the testimony did not show, as would have been necessary to sustain his conviction as an accomplice for the Criminal Possession with the intent to Sale a Controlled Substance or that he shared the seller's intent to bring about the drug transaction.

Further, Green, did nothing to possessed, let alone, demand or importune the illicit possession or sale of a controlled substance. The necessary conditions for establishing accomplice liability having been thus left unsatisfied, and there being no other capacity in which the defendant may be said to have participated in the charged possession and or sale. The record is barren of testimony which demonstrated that Green possessed with the intent to sale or ordered or engaged any person to possess and sale a narcotic drug. Had Defense or Appellate Counsel(s) properly perform their duty to effectively address these issues, we would not be here now?

Because of the failure of Appellate Counsel to present significant and obvious issues on appeal, (Mayo v. Henderson, 13 F.3d. 528, 532 [2d Cir. 1994]), choosing to argue particularly weak appellate issues that had little chance of success @ 536, and where Appellate Counsel gave Grossly Substandard, Rambling and Incoherent arguments and fail to produce statutory required mitigating evidence (Kubat v. Thieret, 807 F.2d. 351, 368 [7th Cir.]), Greens conviction would have been reversed.

Finally, in light of the fact that both Defense and Appellate Counsel(s) should have known that the proffered expert evidence would have been incompetent. (People v. Rodriquez, 94 A.D.2d 805, 806 [2d Dept. 1983]) and the fact that the prosecution had no other eyewitnesses and the rest of its case consisted of weak circumstantial proof, Green should not have been found guilty of the crime of Criminal Possession of a Controlled Substance.

Defense counsel, "Mr. Arnold Keith" ("Mr. Keith") realized at petitioner's Post

9

Conviction Motion hearing that he had mistakenly entered into a binding agreement with the prosecutor when he stipulated that an unknown substance, had tested positive as being cocaine, and his client's possession thereof.

Where there was no evidence that said evidence was ever tested by any police chemist who had a duty to report and wherein Mr. Keith stipulated that the unknown substance was cocaine, and his client's possession thereof, without the express consent or authorization of his client, even thro he should have known that his client was never in possession of a controlled substance, this would have been evident had Trial Counsel reviewed the record.

Defense and Appellate Counsel should have known as well as understood that any and all laboratory substance analysis report surrounding their client could only be classified as an uncertified laboratory substance analysis report. An uncertified report of drug testing as well as all issues concerning the chain of custody of the evidence performed amounted to hearsay evidence, because the People failed to produce witnesses to lay a proper foundation for the introduction and/or admission of such evidence.

In light of the fact that Mr. Green was never in possession of a controlled substance, and there was never any kind of controlled substance analysis report produced that showed that the alleged unknown substance that the People alleged that was allegedly in Mr. Green's possession was in fact cocaine amounted to hearsay and all references to the unknown substance as being cocaine should not have been admitted into evidence at trial.

It should be noted that defense counsel stated to the Trial court prior to sentencing and after reviewing petitioner's post conviction CPL §330 motion that he had rendered **"Ineffective Assistance"** to his client based upon a mistaken belief that the unknown substance was cocaine.

This petitioner filed a pro se Post Conviction CPL 330 motion to vacate judgment of

conviction prior to sentencing, and the Trial Court below did not address Petitioner's issues. The questions presented here on this motion are:

1. Where the record is silent as to a non-appearing party [the Police Chemist], wherein no binding agreement was ever entered into between this petitioner and the prosecutor, but was orally inserted by defense counsel to mislead the Court into believing that petitioner was originally in agreement with the stipulation.

2. This appeal seeks to annul the Determination by the State Supreme Court that orally inserted a non-appearing party [The police chemist opinions] into the stipulation without the express authorization or consent of this petitioner.

3. The Sate Supreme Court of the County of New York Error in Denying the Merits of Petitioner's Post Conviction, CPL 330 Motion to Vacate verdict, thereby acknowledging on its face that it was in Direct Conflict with Decisions of the Appellate Division, First, Second, Third, and Fourth Department(s), the New York State Court of Appeals, the Second Circuit Court of Appeals and other Federal Decisions in New York:

| | |
|---|---|
| 1   BRIEF DESCRIPTION OF NATURE OF CASE: | The Trial Court orally alter the stipulation to include the Chain of Custody of the Evidence. |
| ISSUES PROPOSED TO BE RAISED ON APPEAL: | Abuse of discretion and error of law in declining to vacate conviction And to restore action the trial calendar. |

The grounds for reversal are that:

(a) It is evident from the record that the fair notice provision provided by defense counsel

11

or the district attorney as woefully inadequate, the totality of omissions and commissions is such that the conclusions is inescapable based upon the absence of a fair notice, the lack of a true meeting of the minds where defense counsel lacked the authority to enter into a binding agreement between this petitioner and the District Attorney without the express consent or authorization of his client. Had Appellate Counsel done her job property by property evaluating the trial record and filing the proper Appellate brief, the Appellate Court conclusions would have resulted in the stipulation being dismissed and the case being re-entered back on the Trial Court calendar, based upon the fact that the determinations made by the defense counsel rested on an impermissible basis.

(b) The determination made by the Court to include the chain of custody of the evidence within the original stipulation of was made in error based on the facts and law of this case, in that the petitioner's Attorney, Mr. Keith and the District Attorney, was not authorize to enter into a binding agreement on behalf this Petitioner and the District Attorney to orally stipulate that an unknown substance tested positive as being cocaine absent and without the express consent or authorization of this petitioner.

(c) This petitioner is requesting that the Appellate Court review the evidence on the issue of whether the stipulation was orally change or orally reconstructed to include the chain of custody of the evidence, which was a fatal error of law.

(d) The determination, based on the facts of this case is contrary to Respondent's and the Trial Court's own reply to petitioner's post conviction motion in which they failed to give this petitioner fair notice that the chain of custody of the evidence was to be included within the stipulation during petitioner's post conviction hearing prior to sentencing.

(e) The determination, based on the facts of this case is that any recommendations or

12

determinations made to the Court by defense counsel result in a conflict of interest, based upon the fact that defense counsel represented the sole interest of petitioner and because of Appellate Counsel's refusal to entertain evidence on the issue of whether the stipulation was orally change or orally reconstructed to include the chain of custody of the evidence, thereby demonstrating to the Court that Defense and or Appellate Counsel had a vested interest to insure that the outcome of all proceedings remain in place and in favor of the State.

**THE STIPULATION**

Where the record is silent as to a non-appearing party [the Police Chemist], wherein no binding agreement was ever entered into between this petitioner and the prosecutor, but was orally inserted by defense counsel to mislead the Court into believing that petitioner was originally in agreement with the stipulation.

The fundamental legal precedents necessary to decide this case are not in dispute. Given the failure of defense counsel to dispute standings in a timely manner, this petitioner bore no further burden to establish his standings. (People v. Carter, 86 N.Y.2d 721, 722-723 [631-116, 16]; People v. Whitefield, 81 N.Y.2d 904, 906 [597-641]).

It should be noted that since Mr. Keith was not the drafter of the original stipulation in hole or in the first part the stipulation. Mr. Keith, the attorney for Mr. Green and the prosecutor had a duty to insure that there were no ambiguities within the true meaning of the oral stipulation. Mr. Keith and the People failed to insure that all material terms of the oral stipulation was brought to light, and because of their failure to do so, the prosecutor cannot now claim that the "chain of custody of the evidence" was to be included within the stipulation.

If the chain of custody of the evidence was to be included within the stipulation, then the stipulation should have included a third party charge (testimony from the police chemist whom

13

performed the test). The third party charge should have included but fail to state that the stipulation would finally settle and resolve, among other things, any and all claims asserted or which could have been asserted by this petitioner concerning the chain of custody of the evidence thereby releasing and discharging the People from any and all claims, both known and unknown. Because the language within the stipulation fail to state the above, the Court must assume one of two things, first, that chain of custody of the evidence was never to be included within the stipulation and because the stipulation as well as the record is barren of any reference as to chain of custody, the Court must find that chain of custody never intended to made apart of the original stipulation, secondly, that the Court should follow the determination that was make by the Melendez Court. The Court reversed and set aside a stipulation where the record showed that the pro se litigant had misunderstood the true essence of the agreement, (Cabbad v. Melendez, 81 AD2d 626 (2nd Dept. 1981)).

Because of all the claims that could now be asserted by the prosecutor to include the chain of custody of the evidence, and that chain of custody of the evidence was meant to be include within the stipulation. Mr. Keith by his actions has demonstrated that there could have not been a true meeting of the mind which required the chain of custody of the evidence to be binding upon this petitioner.

The Court should find that the putative agreement which was not written was not enforceable by means of an action sounding only in tort based upon the fact that the pleading made no reference to chain of custody of the evidence in the alleged oral agreement.

The Court should note that the failure by Mr. Keith to exercise the standard of care that a reasonably prudent attorney would have exercised in a similar situation cannot be disregarded, and any conduct that falls below the legal standard established to protect others against