unreasonable risk of harm, can only be seen as conduct that is intentionally, wantonly, and/or willfully disregardful of others' rights and can only be seen as conduct associated with culpable carelessness or actionable negligence.

This petitioner believes that a dispute is not genuine unless the evidence is such that a reasonable jury could not return a verdict of guilty absent and without the chain of custody of the evidence. (Nabisco, Inc. v. Warner-Lambert Co. 220 F.3d 43, 45 (2d Cir. 2000)); (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Therefore a fact is material for these purposes if it might affect the outcome of an action under the governing law. Overton v. N.Y. State Div. of Military & Naval Affairs, 373 F.3d 83, 89 (2d Cir. 2004) (quoting Anderson, 477 U.S. at 248.)

Nevertheless, it should be noted that the parties never agreed to the withdrawal of objections concerning the chain of custody of the evidence, therefore, it cannot be said that a final agreement was ever reached incorporating the chain of custody into it, nor was here any circumstance or language offered which would suggest, let alone show, that there was an intention to be bound by this petitioner to include the chain of custody of the evidence, even thro the agreement was never reduced to writing.

After duly considering all of the facts and circumstances together, it is imperative to note that [v]iewed singly, the[y] may not be persuasive, yet when viewed together the puzzle may fit and probable cause may be found, (People v. Quarles, 187 AD2d 200, 203; People v. Letendue 696 NYS2d 583), that would allow this Court to vacate the stipulation made by defense counsel and the prosecutor, in light of the fact that the record is barren of any reference as to the chain of custody. It should be noted that based upon the fact that the undisclosed information was of

15

such consequence, that had it been disclosed, this petitioner would never have executed such an agreement. Stockfield, 131 AD2d 834.

It should be noted that when a stipulation is made on the assumption of the existence of a state of facts, it may be rescinded if that state of facts does not presently exist, as has been presented here in the case at bar. (see, People v. Bailey – 602 NYS2d 177, 178, 5-7, see also, Hillock v. NY, 485 NYS2d 510).

Furthermore, the respondent's conclusory allegations are belied by the transcript of the stipulation. (People v. Blyrd, 284 A.D.2d 509; People v. Lefkowitz, 276 A.D.2d 598; People v. Sarai, 267 A.D.2d 295; Peopel v. Cavalli, 266 A.D.2d 666).

A stipulation is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language used. (Wallace v. 600 Partners Co., 86 NY2d 543 [1995]). Where the terms are unambiguous, the parties 'intent must be gleaned from the plain meaning' of the words used by the parties. (American Bridge Co. v. Acceptance Ins. Co., 51 AD3d 607 [2008]; Frikilman v. 31st Ave. Realty Corp., 39 AD3d 812, 813 [2007]). (see, Greenfield v. Philles Records Inc., 98 NY2d 562 [2002]; and Hugh O'Kane Electric Co. Inc v. County of Westchester, 54 AD3d 660 [2008]).

The plain meaning of the quoted stipulation is subject to contract interpretation, De Gaust v. De Gaust, 237 A.D.2d 862. Thus, requiring a Court, when the language is clear and unambiguous, to ascertain the intent of the parties from within the four corners of the instrument, and not from extrinsic evidence. (Rainbow v. Swishre, 72 N.Y.2d 106, 109).

Once the moving party has met its burden, the evidence must support the stipulation, must be come forward with specific facts showing that there is a genuine issue to be tried, an issue is genuine only if a reasonable jury could not return a guilty verdict absent the chain of

16

custody of the evidence... however, if reasonable minds, cannot differ as to the import of the evidence, then Summary Judgment is proper. The prosecutor failed to provide this Court with evidence from which a reasonable jury could find that this petitioner did truly understand the true essence of the stipulation concerning the chain of custody of the evidence.

However, courts may vacate stipulations where good cause is shown, such as where it appears that a party, to his prejudice, has inadvertently, inadvisably, or improvidently entered into an agreement which will take the case out of the due and ordinary course of [the] proceeding. (In re Frutiger's Estate, 29 NY2d 143, 149-150, (1971)). In Cabbad v. Melendez, 81 AD2d 626, (1981), the court vacated a stipulation where the record showed that the pro se litigant had misunderstood the true essence of the agreement, i.e., the tenant believed that the stipulation allowed her tenancy to continue after she paid her rent in full, when, in fact, the stipulation provided that she would move out.

The court should act if it appears that the stipulation is unduly harsh or unjust and the parties may be returned to their former status....It is well settled that the court has the power to relieve a party from a stipulation in situations which is unjust or harsh even when fully understood and authorized. (Solack Estates, Inc. v. Goodman, 102 Misc.2d 504 (App. Term, 1st Dept. 1979), Aff'd. 78 AD2d 512 (App. Term, 1st Dept. 1980)); see also Melendez, supra.

Thus the court has the power to set aside and relieve the parties from the stipulations to prevent injustice upon a showing of good cause, "Matter of Frutiger, supra". The court may vacate a stipulation "if it appears that either part has inadvertently, inadvisably, or improvidently entered into an agreement which. may work to his prejudice. "Id. At 150.

This petitioner contention that the stipulation made was unworthy of belief and should be discarded (People v. Harris, 200AD 761; People v. Mack, 195 AD2d 485). In other words, the

17

Court must be presented with facts, not assurances and or summary statements that the conclusion that was reached was in fact proper, and merely stating that sufficient cause existed will not do. (People v. Bouton, 50 NY2d 130, 135). The record shows that only the latter were offered to the Court in this case.

No evidence was ever submitted by the People to support the chain of custody of the evidence for that branch of the stipulation in support of a motion in opposition to petitioner's Post Conviction Motion which was, in effect, was for leave to enter and vacate judgment of conviction pursuant to CPL 330 based upon a purported mistaken agreement of this action even thro the People did not include a signed writing incorporating all material terms of the purported agreement (see CPLR 2104); (Bonnette v. Long Island coll. Hosp., 3 NY3d 281). Accordingly, the trial Court erred in granting that branch of the respondent's motion and authorizing the entry of a judgment at that juncture.

In order to defeat a Summary Judgment motion that is properly supported by affidavits, depositions, and documents as envisioned by the statute, CPLR 3211 (A)(1). The opposing party is required to come forward with material that is envisioned by the statute, CPLR 3211 (A)(1), setting forth specific facts showing that there is a genuine issue of material fact to be tried. They cannot defeat the motion by relying on the allegations in their pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible. The motion will not be defeated merely...on the basis of conjecture or surmise, as was done by the Trial Court during Petitioner's Post Conviction CPL 330. hearing prior to sentencing.

Merely, posing these questions was an insufficient means of defending against Summary Judgment. "As the Supreme Court emphasized in Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) the Court discredited testimony that is [normally] considered a sufficient basis for

18

drawing a contrary conclusion. Instead, the People must present affirmative evidence in-order to defeat a properly supported motion for Summary Judgment. (Woodman v. WWOR-TV, Inc. 411 F3d 69, 86 (2n Cir. 2005)), Citations and quotations omitted.

Considering, that the failure to consent made following or simultaneously with an appearance in the proceeding, is essentially a stipulation and to be treated accordingly. The rule has been succinctly stated thus: "The court has control over stipulations and power to relieve parties from the terms thereof when the parties can be placed in status quo. (That the principle is not this limited was recognized in Foote v. Adams, 232 App. Div. 60, 63, 248 NYS 539, 543, in which relief was granted from the Attorney-General's unilateral mistake or misunderstanding; and the court cited respectable authority in holding: " 'It is sufficient if it appear that either party has inadvertently, Inadvisably, or improvidently entered into an agreement which will take the case out of the due and ordinary course of proceeding in the action, and in so doing may work to his prejudice." (Van Nuys v. Titsworth, 57 Hun 5, 10 NYS 507). 'Where both parties can be restored to substantially their former position, the court, as a general rule, can exercise such power if it appears that the stipulation was entered into unadvisedly, or that it would be inequitable to hold the parties to it.' (Magnolia Metal co. v. Pound, 60 App. Div. 318, 70 NYS 230.) The circumstances in this case 'reveal that the stipulation should not be held, in order to promote justice and prevent wrong. (Yonkers Fur Dressing Co. v. Royal Ins., 247 NY 435, 445).

It is well settle that the Supreme Court has the power, after an appeal to the Court of Appeals has been taken and prior to its submission "to authorize an amendment of its record in order that the same may be made to speak the truth of all the facts appearing before it. However, in the instant case, by permitting the stipulation concerning the chain of custody of the evidence to be included in the record, the trial court was not correcting or reforming an old record in order

19

to indicate the true facts appearing before it at the time of the original determination but the trial court was in fact making an entirely new record in light of the fact that the trial court had no credible evidence before it to support its determination.

To allow this type of amendment at that stage of the proceeding "would be setting a precedent which would lead to great embarrassment to the court's practice and an injustice to this petitioner". (Hamlin v. Sears, 82 N.Y. 327, 333, see, Sacks v. Stewart, 75 A.D.2d 536, 537).

It is well settled that a defendant's right to counsel [is] adversely affected when his attorney, either voluntarily or at the Courts urging, [becomes] a witness against his client. (People v. Santana, 156 A.D.2d 736, 737 (1989); People v. Rozzell, 20 N.Y.2d 712, 713; People v. Sawyer, 55 A.D.3d 9951; People v. Mills, 45 A.D.3d 892, 895-896 (2007), lv. Denied 9 N.Y.3D 1036 (2008); People v. Milazo, 33 A.D.3d 1060, 1061 (2006, lv. Denied 8 N.Y.3d 883(2007)). Once counsel took a position adverse to his client, the Trial Court should have proceeded to determine whether the petitioner was in agreement with the stipulation agreed to by defense counsel and the prosecutor.

**VACATING THE STIPULATION**

It should be noted that any out-of-court alteration or the restructuring of the original oral stipulation was never presented to this petitioner in open court or otherwise at a court conference before Judge Edward J. McLaughlin, in which the stipulation was made, nor would this petitioner would have never enter into any stipulation that would concern the Chain of Custody of the Evidence, without unquestionable documental proof. Based upon the fact that the stipulation was altered or restructured by the Court from the original oral stipulation without the full consent or authorization by this party, and because of such overreaching conduct by the Trial Court. Mr. Keith should have objected to the insertion of the Chain of Custody of the Evidence

20

into the stipulation which would have voided any and all parts, of the stipulation by the Court's overreaching conduct. This petitioner would be at a distinct disadvantage if the stipulation was to be enforced and that it would be inequitable to do so. The stipulation must in the interest of justice be vacated based upon these and the foregoing arguments below:

The decision reached by defense counsel and the prosecutor which resulted in a stipulation between the prosecutor and Mr. Keith, was not reached in full compliance with all statutory and regulatory requirements of State law, as such, the stipulation cannot be sustained by the Court.

Mr. Keith, did not give due consideration to all of the factors required by Statute, including giving sufficient notice of any pending changes to the instant stipulation. Based upon those factors, and the reasons as stated by this petitioner in reply to any reasons that maybe advance or argued by the Prosecutor as to why a non-appearing party [the police chemist opinions] should be included in the record, wherein the record is silent as to any opinions by that party. The advancement of any arguments by the People, on why a non-appearing party should be included within the stipulation, is insufficient and without merit, wherein, all claims such as the Chain of Custody of the Evidence were totally left out of the original oral stipulation and any decisions otherwise by the People can only be properly characterized as being arbitrary, capricious and irrational bordering on impropriety.

All the evidence points towards the decisions made by Mr. Keith and the prosecutor concerning the Chain of Custody should be seen as being pre-determined and therefore, the decisions made by the Honorable Edward J. McLaughlin, J.P., amounted to a restructuring of the stipulation without the consent or authorization of the parties.

New York State Law instructs that the Notice provisions of CPLR 2104 place upon the

21

party the obligation of providing "Actual" rather than "technical" notice of a pending court proceeding to any party who has been served with timely and appropriate notice. The Statute contemplates "actual" rather than "technical" notice and at the very least, the notice provided by Mr. Keith and the prosecutor must be reasonably calculated to apprise a party or the court of any pending proceedings so as to permit that party the right to exercise their right to appear or not to appear.

In the case at bar, there is no evidence in the record which demonstrates that this petitioner received "actual" notice of the intentions by the Trial Court to restructure the stipulation, as would be contemplated by the provisions of CPLR 2104. Even a literal compliance with the clear objections of the notice provisions of CPLR 2104, which is that a party receives "meaningful and timely" notices of pending proceedings to the restructuring of the original oral stipulation.

Based on all of the above, this Court should find that apparently due to a combination of inadvertent actions and omissions, more particularly, the miscommunication and the failure of communication on the part of Mr. Keith and the People that this petitioner was hereby denied actual notice that would have permitted this petitioner the opportunity to exercise his asserted right to object to the original stipulation, as well as to any changes within the original oral stipulation as contemplated by the provisions of CPLR 2104 and all relevant case law. To find otherwise would be to ignore a defense counsel's duty of fair dealing to this petitioner, as well as the obligation of the Court to ensure the fairness in all proceedings as well as governing the fairness by providing notice to all parties of all changes in any action(s), proceeding(s) or petition(s) that are required for submissions thereto upon proper notice.

As the Court of Appeals instructed, a party's right to fair notice must be scrupulously

protected. The Court further instructs that the notice provision of CPLR 2104, must adequately apprise the opposing party of a claim. Therefore, to be in compliance with CPLR 2104 the notice provision must be drafted so that an opposing party of reasonable competence would be able to ascertain the true nature and the basic issues of the controversy. It is in this petitioner's view that in this particular circumstance herein, the fair notice provision provided by Mr. Keith and the People was the functional equivalent of placing the notice in a bottle, corking the bottle, and tossing the bottle in the ocean.

Based upon the absence of a "Fair Notice" the Court must conclude that there was no true meeting of the mind. Accordingly, the motion to vacate this stipulation with prejudice and restoring the case back to the court calendar should be granted based upon the provisions for the failure to provide a fair notice of an intent to change the conditions of any pending litigation which as a result, as in the case at bar, resulted in the restructuring of the original oral stipulation to include the chain of custody of the evidence without the express consent or authorization of this petitioner which make's it impossible for the parties to truly effectuate a true meeting of the minds.

It should be noted that this Court is not without the power to relieve a party from the effects of a stipulation in given cases where it is shown that an agreement was the result of fraud or overreaching conduct, or that there was a mistake, either mutual or unilateral, Heiter v. Joline, 135 App. Div. 13, 119 N.Y.S 142, or circumstances are such that a party who seeks to be relieved would be at a distinct disadvantage if the stipulation was to be enforced and that it would be inequitable to do so. The Court is authorized to intervene on behalf of that party. Donovan v. Twist, 119 App. Div. 734, 104 N.Y.S. 1.

Any arguments by the People that the parties cannot be restored to the same positions

they were in prior to entering into the stipulation is without merit. Assuming agruendo, that had plaintiff entered into the restructured stipulation, the Court would still have the power to relieve this petitioner of the stipulation since both sides could be restored to "substantially" to their former positions (see, Thermalectric, Inc v. Still-Man Mfg. Corp., 43 A.D.2d 734.

Accordingly, the court has control over stipulations and the power to relieve the parties from the terms thereof if both parties can be restored to their status quo ante, Hinds v. Gulutz, 61 Misc.2d 384 (Sup. Ct. Suffolk 1969); Barcia v. Barcia, 283 A.D. 726, 127 N.Y.S.2d 443 (2nd Dept. 1954); Campbell v. Bussing, 274 A.D. 893, 82 N.Y.S.2D 616 (2ND Dept. 1948); Bond v. Bond, 260 A.D. 781, 24 N.Y.S.2d 169 (2nd Dept. 1940). A party, however, must be adduced to persuade the court to relieve a party from a stipulation. Such cause would be fraud, collusion, accident, and mistake; although the mistake need not be mutual or when holding the parties to the terms of the stipulation would produce results that are either unjust or harsh. Ragen v. City of New York, 45 A.D. 2d 1046, 385 N.Y.S.2d 62 (2nd Dept. 1974); Hinds v. Gulutz, supra; DeSantolo v. LaPorte, 89 N.Y.S.2d 114 (City Ct. Mt. Vernon (1949); Baksi v. Wallman, 62 N.Y.S.2d 26 Sup. Ct. N.Y. (1946); Hallow v. Hallow, 200 A.D. 642, 193 N.Y.S. 460 (1st Dept. 1922).

Where the parties exchange does not conform to the requirements of CPLR 2104 for a stipulation to be capable of enforcement as to the chain of custody of the evidence, based upon the fact that it was never written out and signed by the parties, i.e., Mr. Green and the prosecutor before the Court. (See 21

CPLR 2104 provides: "An agreement" between parties or their attorneys relating to any matter in an action other than the one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by both parties or reduced to the form of an order and

24

entered into the Courts minutes.

Under the circumstances presented, any exchange between this petitioner and Mr. Keith, did not constitute an enforceable stipulation between Mr. Green and the prosecutor, that falls within the requirements or contemplation of CPLR 2104 (Id. Bonnette v. Long Island College Hospital, 3 N.Y.3d 281, 286 (2004)(to be enforceable under CPLR 2104 an out –of-court settlement must be adequately described in a signed writing); McCoy v. Feinman, 99 N.Y.2d 295, 302[2002][to be binding, a stipulation must be reduced to a properly subscribed writing or entered orally on the record in open court];[Klein v. Mt. Sinai Hosp., 61 N.Y.2d 865, 866 (1984)(a stipulation is not binding "unless it is made in open court between counsels, contained in a writing subscribed by the parties or their attorneys or reduced to the form of an order and entered in the courts minutes).

Contrary to any contention by the People, the Court should find that based on this set of fact, that a binding stipulation between Mr. Green and the People, was not created by virtue of the stipulation made between Mr. Keith and the People.

In this case, the elements of intent and acceptance, concerning the chain of custody of the evidence, have been removed from this case by way of the stipulation between Mr. Keith and the People (see Matter of Ossing Urban Renew Agency v. Lord, 60 N.Y.2d 845. The absence of an endorsement on behalf of this petitioner and Mr. Keith constitutes strong evidence of the lack of intent and acceptance as to any agreement this case between Mr. Green and the People.

Indeed, the best evidence of what the parties to a oral agreement intends is what they say in Court. (Slamlow v. Del Col., 79 N.Y.2d 1016, 1018 [1992], thus, extrinsic evidence of the parties intent may be considered only if the Court finds the agreement to be ambiguous. (Greenfield v. Philles Records, Inc., 98 N.Y.2d 562, 569[2002]. "Courts may not by

construction add or excise terms nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the oral statement (Reiss v. Financial Performance Corp., 97 N.Y.2d 195, 199[2001].

First, the oral stipulation agreement by Mr. Keith did not constitute a sufficient basis to bring the agreement within the scope of CPLR 2104. The stipulation, although acknowledging the existence of an agreement, did not incorporate all the material terms of the agreement (see Matter of Galasso, 35 N.Y.2d 319, 321 (1971) (refusing to enforce a settlement that although proposed at a court conference, did not reflect a complete agreement as to all material terms).

The plain language of the statute directs that the agreement, itself must be in writing, signed by all parties to be bound (CPLR 2104), because the purported stipulation of this action did not include a signed writing incorporating all material terms of the purported agreement between this petitioner and the People, thus the purported stipulation failed to demonstrate that the parties entered into a binding agreement (see CPLR 2104; Bonnette v. Long Island Coll. Hosp., 3 N.Y.3d 281.

The Court should take notice, that if an agreement, once entered into are to be enforced with the rigor and without a searching examination into their substance, it becomes all the more important that the stipulation be clear, final and the product of mutual accord. For all of these reasons, to hold that to be enforceable under CPLR 2104, an out-of-court settlement must be adequately described in a signed writing. Mr. Keith's agreement with the People does not meet this requirement, see Bonnette, supra, McCoy v. Feinman, 99 N.Y.2d 295, 302[2002].

It should be noted that [w]hen there is no dispute between the parties as to the terms of a oral agreement, that's made during a pending litigation, the courts will refuse to permit the use of the statute (CPLR 2104) against a party who has been misled or deceived by the agreement to

26

his detriment or who has relied upon that agreement, which is not the case in the case at bar. Nevertheless, as the Court of Appeals stated in Mutual Life Ins. Co. v. O'Donnell, 146 NY 275, that an oral stipulation "will not permit a party to be misled, deceived, or defrauded by means thereof, and in some instances where it has been acted upon by the party making it they will not be permitted to retract and take advantage of the acts or omissions of his adversary thereby induced." Nevertheless, a stipulation is a contract, and like any contract it can be invalidated on such grounds as fraud, collusion, mistake, accident or overreaching conduct. Hallock v. State of New York, supra, 64 N.Y.2d 224, 230; see also, Sontag v. Sontag, 1985, 114 A.D.2d 892.

Where parties are represented by counsel, only attorneys fully familiar with the facts or actions are authorized to enter into a binding stipulation or is accompanied by a person empowered to act on behalf of the non-appearing party being represented, will be permitted to appear in support of that party at a Court hearings and/or at pre-trial conferences,

Because of the default filing and the failure of the People to file a reply to this petitioners pro se Post Conviction motion to vacate Judgment of conviction, as well as the non-appearance by the police chemist at any stage of the proceedings, their absence could not have cause or created the impression that the People had the authority and or was authorized to enter into a binding stipulation between this petitioner and the People, by Mr. Keith.

Equally rooted in the law is the principle that without a grant of authority from the client, an attorney cannot compromise or settle a claim.(see, Kellogg v. Gilbert, 10 Johns 220; Jackson v. Bartlett, 8 Johns 361), and settlements negotiated by attorneys without authority from their clients have not been binding (see, Countryman v. Breen, 241 App. Div. 392 [271 N.Y.S. 744, aff'd, 268 NY 643]; Spisto v. Thompson, 39 A.D.2d 598; Leslie v. Van Vranken, 24 A.D.2d 658; Mazzella v. American Home Constr. Co. 12 A.D.2d 910.