UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD GREEN,

                      Petitioner,

      -against-

THE STATE OF NEW YORK,

                      Respondent.

14-CV-2073 (LAP)

ORDER DIRECTING AFFIRMATION
28 U.S.C. § 2254

LORETTA A. PRESKA, Chief United States District Judge:

      Petitioner, currently incarcerated at Eastern New York Correctional Facility in Napanoch, New York, brings this *pro se* petition challenging his October 8, 2008 conviction in the New York Supreme Court, New York County. The Court directs Petitioner to file an affirmation within sixty days of the date of this order showing cause why this application should not be denied as time-barred.

## DISCUSSION

### A. Applicable Statute of Limitations

      Petitioner's application may be time-barred. A prisoner seeking *habeas* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

      Petitioner alleges that he was convicted on October 8, 2008 in the New York Supreme Court, New York County. Subsequently, the New York Supreme Court Appellate Division, First Department, affirmed the conviction on March 24, 2011, *see People v. Green*, 919 N.Y.S.2d 152

(1st Dep't 2011), and the New York Court of Appeals denied leave to appeal on August 25, 2011, *see People v. Green*, 17 N.Y.3d 816 (2011).  Petitioner's conviction consequently became final on November 23, 2011, following "the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000).  Petitioner placed this petition in the prison mail collection box on March 13, 2014, more than twenty-seven months after the judgment of conviction became final.

Under the Antiterrorism and Effective Death Penalty Act of 1996, when postconviction motions are filed before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations.  *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew.  "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).  Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

Here, Petitioner alleges that he filed a postconviction motion for a writ of error *coram nobis* in the New York state courts.  That motion was filed in October 2011, and the statute of limitations for filing this action was tolled until January 18, 2013, when the motion was denied. Because this petition was filed more than one year after January 18, 2013, this petition for a writ of *habeas corpus* under § 2254 appears to be time-barred.

2

**B. Leave to File Affirmation**

Petitioner is directed to show cause by affirmation within sixty days why this application should not be time-barred.[1]  Petitioner should allege any facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Petitioner, and note service on the docket.  Within sixty days of the date of this order, Petitioner must file an affirmation showing cause why the petition should not be denied as time-barred.  An Affirmation for Timeliness form is attached to this order, which Petitioner should complete as specified above.  If Petitioner timely files an affirmation, the Court shall review it, and if proper, shall order that the petition be served on Respondent.  If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied as time-barred.  No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.

---

[1] Petitioner should also include in the affirmation a listing of (1) the dates that all postconviction applications in state court challenging this conviction were filed, including any petition for a writ of error *coram nobis*, all motions under N.Y. Crim. P. L. § 440, and any other postconviction applications, (2) when any postconviction applications were decided, (3) the dates that any appeals or applications for leave to appeal from those decisions were filed, (4) when those appeals or applications were decided, and (5) when Petitioner received notice of any state court decisions on those applications and appeals.  See 28 U.S.C. § 2244(d)(2).

3

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  See *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 27, 2014
         New York, New York

_____
LORETTA A. PRESKA
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                        :

:     AFFIRMATION FOR TIMELINESS

Plaintiff/Movant/Petitioner,  :     _____ Civ. _____ (    )

-against-  :

:

Defendant/Respondent(s).  :
------------------------------------------------------X

STATE OF _____    }
COUNTY OF _____    } SS:

_____ makes the following Affirmation under the
[Plaintiff/Movant/Petitioner Name]

penalties of perjury:

    I am the Plaintiff/Movant/Petitioner in this action and I respectfully submit this

Affirmation in response to the Court's Order dated _____.  This action should not be

time-barred by the statute of limitations because_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

For the foregoing reasons, I respectfully request that this action be permitted to proceed.

DATED: _____, 20___

_____
Signature

_____
Address

_____
City, State & Zip Code