```
SUPREME COURT: NEW YORK COUNTY
TRIAL TERM : PART 93
------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK
                                            IND.#:
                                            05643/2007

                -against-                   CHARGE:
                                            CSCS1

EDWARD GREEN
                                            SENTENCE
                Defendant.
------------------------------------X
```

NYSID # 1386617R

100 Centre Street
New York, New York 10013

October 8, 2008

B E F O R E:     HONORABLE EDWARD J. MCLAUGHLIN,
                 Justice of the Supreme Court

A P P E A R A N C E S:

FOR THE PEOPLE:

        ROBERT MORGENTHAU, ESQ.
        New York County District Attorney
        One Hogan Place
        New York, New York  10013
        BY:  JASON BERLAND, ESQ.
        Assistant District Attorney

FOR THE DEFENDANT:

        HORNSTEIN, PALUMBO & KEITH, ESQS.
        Attorneys for the Defendant
        BY:  ARNOLD KEITH, ESQ.

                    Theresa Magniccari
                    Senior Court Reporter

1       THE CLERK: Calendar Number 2,
2   Indictment 5643 of 2007, as to Edward
3   Green.
4       Appearances
5       MR. BERLAND: Jason Berland for the
6   People.
7       Good afternoon.
8       MR. GREEN: For Mr. Green, Arnold
9   Keith, Hornstein, Palumbo & Keith.
10      Good afternoon.
11      THE COURT: Hello.
12      The defendant has filed apparently a
13  pro se motion asking that the verdict be
14  undone.
15      Have you seen that?
16      MR. KEITH: I just saw it, your
17  Honor.
18      MR. BERLAND: I have seen it, your
19  Honor.
20      THE COURT: It's a long description
21  about laboratories in the past and there's a
22  complaint about the lawyer with respect to
23  certain things that happened during the
24  course of the trial.
25      Is there anything you want to say,

1    Mr. Berland?

2         MR. BERLAND: I am prepared, if your

3    Honor wishes, to address the motion now or if

4    you want something in writing since I just

5    did receive it on Monday, I could do that

6    as well. However your Honor wishes to

7    proceed.

8         THE COURT: I don't think there

9    is a necessity of having anything in

10   writing.

11        I wanted to know if you wanted to

12   make any oral comment. If you don't, that's

13   fine.

14        MR. BERLAND: Briefly.

15        As far as the ineffective assistance

16   of counsel claim, I don't believe this is the

17   proper vehicle, the 330.30 motion.

18        I think it would be a post judgment

19   440 motion which would be more appropriate

20   considering ineffective assistance of

21   counsel.

22        Also, as your Honor is aware, often

23   there are facts outside of the record.

24        Although I just took a quick glance

25   at this, I did just receive it, I don't

believe it's a proper vehicle.

With that being said, my quick glance of the motion, it indicated that the defendant's complaints were with Mr. Keith's trail strategy, and that's exactly what it was, a strategy. I don't believe it's ineffective assistance of counsel.

So that's really all I would like to say as far as that claim.

The defendant did make mention that certain of the laboratory reports that were entered into evidence in the Grand Jury were defective because they weren't containing a transmittal memorandum.

In fact, on December 12th of 2007, the VDF was turned over with the control lab reports which were introduced into evidence in the Grand Jury and they have that transmittal memorandum stamped on them.

I think that is a moot issue.

I have nothing further.

THE COURT: Let me hear from Mr. Keith, if you want to say anything.

MR. KEITH: Well, your Honor, certainly during the course of the trial

1    there were statements and decisions that I
2    made which the court ruled unfavorable to Mr.
3    Green, and an argument can certainly be made
4    that there was ineffective assistance of
5    counsel.
6         THE COURT: But he doesn't make it
7    because -- he doesn't complain about those
8    things.
9         What he says is that somebody put all
10   their eggs so-to-speak in the basket of the
11   court, so the court would order a trial order
12   of dismissal at the close of the People's
13   case, for the reasons that you stated a
14   couple of times on the side.
15        That after that you had no other
16   strategy, which I find difficult to accept.
17        But the things about which you made
18   reference are not listed in his motion.
19        MR. KEITH: Yes, your Honor. I
20   haven't had an opportunity to carefully
21   analyze his motion. I know that the bulk of
22   it refers to laboratory analysis and, you
23   know, during the trial we had stipulated as
24   to the substances being controlled
25   substances.

Theresa Magniccari
Senior Court Reporter

1    But I certainly agree that Mr. Green
2 was denied a fair trial, and I certainly will
3 file a notice of appeal on his behalf when he
4 is sentenced.
5    THE COURT: All right.
6    You wanted to say something else?
7    MR. KEITH: Yes.
8    I would join in his motion to vacate
9 the jury's decision and state that because of
10 the rulings that were made during the trial
11 and because of various statements I may have
12 made, various arguments I may have made, and
13 the overall content of the trial, I think a
14 motion to set aside the verdict would be
15 appropriate and I am asking your Honor to do
16 so.
17    THE COURT: It's denied.
18    So that's appealable as well.
19    Is there a predicate felony statement
20 you need to file?
21    Please discuss that with Mr. Green.
22 When you are ready, ask the Clerk to ask the
23 questions and then we'll move forward.
24    (Brief pause in proceedings.)
25    THE COURT: Go ahead.

Theresa Magniccari
Senior Court Reporter

1     THE CLERK: Edward Green, a statement
2  has been made by the District Attorney's
3  office alleging that you have previously been
4  convicted of a felony.
5     The statement sets forth the date and
6  place of each felony conviction.
7     Have you been given a copy of that
8  statement?
9     THE DEFENDANT: Yes.
10    THE CLERK: The statement reads as
11 follows:
12    On October 8th, 1996, in the Supreme
13 Court of New York County, in the State of New
14 York, the defendant was convicted of the
15 felony of attempted criminal sale of a
16 controlled substance in the third degree,
17 Penal Law Section 220.39. The ten year
18 period referred to in Penal Law Section
19 70.06, subsection 1(b), is extended by the
20 defendant's incarceration in federal custody
21 from October 8th, 1996 to February 13th,
22 2001.
23    Mr. Green, if you wish to dispute any
24 charges made in that statement, you must
25 specify a particular charge.

Theresa Magniccari
Senior Court Reporter

1    If you do not, those charges will be
2    deemed admitted by you.
3         Do you wish to dispute any charge
4    made in that statement?
5         THE DEFENDANT: Yes.
6         THE CLERK: Do you wish to challenge
7    the constitutionality of that conviction?
8         MR. KEITH: He is not challenging.
9         THE COURT: So the defendant is a
10   second felony offender.
11        Mr. Berland, do you know why he was
12   in federal as opposed to state custody?
13        Is that something that is not to be
14   disclosed?
15        MR. BERLAND: Your Honor, all I know
16   is that the July '96 conviction was for a
17   federal crime. He was already in federal
18   custody at the time that he was convicted of
19   the state crime, the attempted sale.
20        THE COURT: All right.
21        MR. BERLAND: I don't know if that
22   answers directly your question. That is the
23   information I have.
24        THE COURT: So we're now going to go
25   to sentencing.

Theresa Magniccari
Senior Court Reporter

1   Mr. Green, you have a right to speak
2   on the issue of the appropriate sentence
3   within the range that the law allows.
4   You could speak, you could ask Mr.
5   Keith to speak in addition to or instead of
6   what you may wish to say.
7   I will hear what you want to do after
8   I hear the People.
9   MR. BERLAND: Your Honor, the People
10  recommend the sentence of eighteen years.
11  As I mentioned during the Sandoval
12  portion prior to the beginning of the trial,
13  the defendant has a criminal record dating
14  back to the 1960's and recently or most
15  recently than some of the older cases that I
16  mentioned during the Sandoval application,
17  and your Honor has the rap sheets of the
18  defendant, are the October 8th, 1996
19  attempted criminal sale of a controlled
20  substance in the third degree, where he sold
21  cocaine to an undercover officer and received
22  three to six years.
23  On July 1st of 1996 was the federal
24  conviction where he was found guilty of
25  possessing a shotgun during drug trafficking.

1   In that case he received five years.
2       And back in 1982, the violent B
3   felony of attempted kidnapping in the first
4   degree, where the defendant abducted a kid by
5   the name of Woodrow Sultan with intent to
6   compel that individual's mother's sister or
7   whichever, it's not clear, to pay a sum of
8   money for the victim's release.
9       Your Honor, it appears that the only
10  times that the defendant isn't committing
11  crimes are when he is incarcerated.
12      His record is extremely lengthy.
13      In this case he was convicted by a
14  jury after trial. It took them a few hours
15  to reach a verdict.
16      Based on the nature of this case,
17  based on his lengthy criminal history, I
18  think that a significant jail sentence is
19  appropriate, and the People are recommending
20  eighteen years.
21      THE COURT: Mr. Green, Mr. Keith.
22      MR. KEITH: Your Honor, first of all,
23  with regard to the probation report, there
24  are a couple of items that I would like to
25  correct.

             In the description of the offense, it
indicates that on Mr. Green's person there
was a set of keys that could access both of
the rooms in question, and I think the
evidence made it unequivocally clear that he
only had a key for the fourth floor apartment
and not for the second floor apartment and I
would just like that portion of the probation
report to reflect that.
             Additionally, the probation report
indicates that he is a multi-state offender,
and that is incorrect. He has one out of
state conviction and that was for a weapons
charge and that was a federal conviction.
             In that case he was sentenced to
sixty months and that time period ran
concurrent with the New York State conviction
for the drug sale.
             The assistant characterizes Mr. Green
as having a lengthy record. His record
covers a long period of time. The fact of
the matter remains there are only three
felony convictions.
             The kidnapping, what it was was a
personal matter and that is from over thirty

1  years ago, and then the drug sale and the
2  federal gun charge, and the rest of his
3  record is relatively minor. It's not an
4  extensive criminal history, but it does cover
5  a long period of time.
6      Having said that, your Honor, Mr.
7  Green is 58 years old and the trial that we
8  experienced was a challenging endeavor, to
9  say the least. I had to, as they say, fall
10 on the sword. I made some statements and
11 made some decisions that led to some adverse
12 rulings by your Honor that substantially hurt
13 Mr. Green during the trial.
14     As I have said before, this trial was
15 based on the testimony of police officers
16 that your Honor correctly concluded acted
17 illegally on the day in question.
18     And the statements, sworn statements
19 that were made at the time of the issuance of
20 the first search warrant affidavit, at the
21 time of the Grand Jury presentation, at the
22 time of the hearing that your Honor conducted
23 and at the time of the second search warrant
24 affidavit and at trial, were inconsistent.
25     And it's clear beyond dispute that

1   Officer Romero, in particular, gave
2   perjurious testimony and inconsistent
3   statements directly to your Honor and to the
4   jury in this case.
5        Mr. Green certainly was denied a fair
6   trial and I pray that he will have success on
7   his appeal.
8        But having said that, your Honor,
9   with regard to sentencing and the punishment
10  that you must give Mr. Green, the minimum
11  sentence available to Mr. Green convicted of
12  the A-1 felony is twelve years.
13       Your Honor, he is 58 years old and
14  even if we assume the worse, that he was
15  either holding drugs for someone or involved
16  in the drug trade in some way, a twelve year
17  sentence for a 58 year old man I would think
18  is more than appropriate under the
19  circumstances of this case and with the legal
20  issues that have been raised by what has
21  happened from the beginning of this case to
22  the time of his conviction.
23       Your Honor has not had the
24  opportunity to learn much about Mr. Green
25  other than what's been alleged and the

1  information I contained in my moving papers
2  and the information that is in the probation
3  report. I have talked to this man on
4  numerous occasions and, your Honor, for what
5  it's worth, he impresses me as a man with
6  above average intelligence.
7       I have learned about his family. He
8  is married to a devoted wife. He has
9  children and grandchildren. He is a father
10 and grandfather. All indications are that at
11 the time of this incident he was, in fact,
12 working at that building. The keys certainly
13 suggest that he had access to just about
14 every apartment and the laundromat at that
15 location.
16      Your Honor, I'm asking you to be
17 merciful. I am concerned about the appellate
18 process and what will happen here. I am
19 hopeful that there will be success. But in
20 terms of punishment that your Honor is about
21 to impose, it seems to me that the minimum
22 sentence of the twelve year sentence is more
23 than appropriate under all of the facts and
24 circumstances of this case.
25      THE COURT: Anything Mr. Green wants

```
 1            to say?
 2                 MR. KEITH:  Mr. Green does not wish
 3            to speak.
 4                 One moment.
 5                 (Brief pause.)
 6                 MR. KEITH:  Your Honor, Mr. Green
 7            asked me to ask your Honor if you would
 8            consider setting a bail pending appeal.
 9                 THE COURT:  No.
10                 You wanted to say something?
11                 MR. BERLAND:  Briefly, something that
12            Mr. Keith mentioned that I take issue with.
13                 He stated that it is clear beyond
14            dispute that Detective Romero perjured
15            himself during this trial, and the People
16            want to place on the record that we
17            wholeheartedly dispute this baseless
18            allegation.
19                 THE COURT:  Okay.
20                 All right.
21                 I made certain findings during the
22            course of what is known as the Darden
23            Hearing.  They stand.
24                 Now we have to impose the sentence,
25            and these are the reasons why the sentence is
```

going to be imposed:

　　　　　The legal issues that have been referred to did not exist on the date that the crime was committed.

　　　　　I don't have any doubt whatsoever that you had possession of the drugs, as New York defines possession, given your access to them, given the amount of money that those drugs were worth and the location and the circumstances under which you were found.

　　　　　Certainly, you do get some benefit for having survived to be 58 years old. I am not much past that and that's a life work in itself, but what you have done with your life is distressing.

　　　　　As far back as when you were 18 years of age, apparently you comitted some kind of a robbery. You were given what is known as youthful offender treatment, which means non-jail, and then for some reason you fouled up and got four years. Then you did the kidnapping for "personal reasons," whatever that is. Then you had one or two drug felony convictions.

```
 1            So it is with a significant amount of
 2      salt that we take your denial that you were
 3      not involved or had any involvement in this
 4      situation.
 5            With respect to the A-1 felony,
 6      which only a few years ago would have
 7      gotten you a life sentence, the sentence is
 8      that you should serve fifteen years
 9      determinate.
10            With respect to the B felony
11      conviction, twelve years determinate
12      concurrent with the fifteen that I imposed on
13      the A-1 felony.
14            With regard to the A-1 felony, there
15      is a mandated five year post release
16      supervision which I am imposing.
17            With respect to the B felony, a
18      concurrent three year post release
19      supervision.
20            On each of the two misdemeanor
21      charges, you are sentenced to one year
22      each.
23            Those by law merge with the
24      determinate sentences that have been
25      imposed.
```

Theresa Magniccari
Senior Court Reporter

1           You're mandated to receive a total of
2   $320 in crime victim, DNA and mandated
3   surcharges.
4           I am sure there is an appeal.
5           We'll all wait to read about it
6   together.
7           Advise him of his right to appeal.
8           MR. KEITH: I certainly will,
9   your Honor, and I will file the notice of
10  appeal.
11          Thank you.
12          MR. BERLAND: Thank you, your
13  Honor.
14                    * * * *
15          Certified to be a true and accurate
16  transcription of the minutes taken in the
17  above-captioned matter.
18
19  _____
20          THERESA MAGNICCARI
21          Senior Court Reporter
22
23
24
25